LIAM E. FELSEN (350451)
lfelsen@fbtlaw.com
FROST BROWN TODD LLP
633 W. Fifth Street, Suite 900
Los Angeles, CA 90071
Phone: (213) 629-7044
Fax: (213) 229-2499

Attorneys for Defendant
VIVINT, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA HUGHES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VIVINT, INC., a New Jersey Corporation; and DOES 1 through 25, inclusive,<br><br>Defendant. | **CASE NO.:** 2:24-cv-03081-GW (KSx)<br><br>(Superior Court of California, County of Los Angeles, Case No. 24STCV06156)<br><br>**DEFENDANT VIVINT, INC.'S NOTICE OF MOTION; MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**<br><br>**Action Filed**: March 12, 2024<br>**Action Removed**: April 15, 2024<br><br>**Hearing Date:** July 15, 2024<br>**Hearing Time:** 8:30 a.m.<br>**Courtroom:** 9D-9th Floor |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

NOTICE IS GIVEN that on **July 15, 2024** at **8:30 a.m.** or as thereafter as the matter can be heard in Courtroom **9D, 9th Floor** of the above-captioned court, located at 350 West First Street, Los Angeles, CA 90012, Defendant Vivint, Inc. ("Vivint") will move to dismiss all causes of action in Plaintiff's Complaint.

FROST BROWN TODD LLP
LOS ANGELES

This Motion is made on grounds that Plaintiff's Complaint against Vivint is procedurally and substantively deficient and should be dismissed with prejudice. Plaintiff has not – and cannot – allege concrete harm sufficient to satisfy Article III's "irreducible constitutional minimum of standing." The Complaint should be dismissed on this basis alone. Plaintiff has also failed to allege facts sufficient to confer this Court with jurisdiction over Vivint and has failed to state a claim for relief under the California Invasion of Privacy Act. Accordingly, Plaintiff's Complaint should be dismissed.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the [Proposed] Order filed concurrently, a separate Request for Judicial Notice (related to the applicable website's Terms and Conditions and Privacy Notice), the pleadings and papers on file in this action, and such further oral and documentary evidence as may be presented at the hearing on this Motion.

This Motion is made following the conference of counsel required under L.R. 7-3 which took place on Wednesday, April 10, 2024.

DATED: May 21, 2024                    FROST BROWN TODD LLP

                                       By:_____
                                          LIAM E. FELSEN
                                          Attorneys for Defendant
                                          VIVINT. INC.

# **TABLE OF CONTENTS**

I.     INTRODUCTION AND SUMMARY OF ARGUMENT ............................ 1

II.    STATEMENT OF FACTS ........................................................................ 1

III.   ARGUMENTS AND AUTHORITIES ........................................................ 3

    **A.**    Plaintiff lacks standing because she does not allege concrete harm..... 3

    **B.**    California does not have personal jurisdiction over Vivint. ................. 5

        **1.**    Vivint is not subject to California's general jurisdiction because Vivint is not "at home" in California. ......................... 7

        **2.**    Vivint is not subject to specific jurisdiction because the activities alleged were not directed at California, and Vivint has not purposefully availed itself to this state......................... 7

    **C.**    Plaintiff has failed to allege facts sufficient to state a claim under California's Trap and Trace Law. ..................................................... 10

        **1.**    Plaintiff's application of "trap and trace device" to the Website contradicts CIPA's compliance provisions and threatens public policy. .............................................. 11

        **2.**    Plaintiff consented to Vivint's use of the TikTok Software..... 12

    **D.**    The CIPA claim is impermissibly vague. ........................................... 14

        **1.**    Plaintiff's CIPA claim violates the one-year statute of limitations. ................................................................. 14

        **2.**    Plaintiff's CIPA claim fails because the Trap and Trace Law does not apply to extraterritorial conduct. ............................... 15

IV.   CONCLUSION .......................................................................... 16

FROST BROWN TODD LLP
Los Angeles

1

# **TABLE OF AUTHORITIES**

2

## **Cases**

3     *Chandler v. State Farm Mut. Auto. Ins. Co.*
       598 F.3d 1115, 1122 (9th Cir. 2010) .................................................3

4
      *Lujan v. Defenders of Wildlife*
5       504 U.S. 555, 561 (1992)...............................................................3

6     *TransUnion LLC v. Ramirez*
       141 S.Ct. 2190, 2205 (2021) .........................................................3-4
7
      *Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*
8       No. 3:16-cv-00014-GPC-BLM, 2016 WL 6523428, at *2-3 (S.D. Cal. Nov. 3, 2016)...........................................................................................4
9
      *Byars v. Sterling Jewelers, Inc.*
10      No. 5:22-cv-01456-SB-SP, 2023 WL 2996686, at *3 (C.D. Cal. Apr. 5, 2023)........4

11    *Massie v. General Motors, LLC*
       No. 21-787-RGA, 2022 WL 534468, at *5 (D. Del. Feb. 17, 2022).........................4
12
      *Menken v. Emm*
13      503 F.3d 1050, 1056 (9th Cir. 2007) ...............................................5

14    *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*
       551 F.2d 784, 787 (9th Cir. 1977).....................................................5
15
      *Handsome Music, LLC v. Etoro USA LLC*
16      No. LACV2008059VAPJCX, 2020 WL 8455111, at *2
       (C.D. Cal. Dec. 17, 2020). ..........................................................5, 9
17
      *Int'l Shoe Co. v. Wash.*
18      326 U.S. 310, 316 (1945) ...............................................................5

19    *Hanson v. Denckla*
       357 U.S. 235, 253 (1958)...............................................................5
20
      *Walden v. Fiore*
21      571 U.S. 277, 286 (2014) ...............................................................5

22    *Burger King Corp. v. Rudzewicz*
       471 U.S. 462, 475 (1985)...........................................................5-8
23
      *Doe v. Am. Nat'l Red Cross*
24      112 F.3d 1048, 1050 (9th Cir. 1997) ...............................................6

25    *Daimler AG v. Bauman*
       571 U.S. 117, 138–39 (2014)........................................................6-7
26
      *Goodyear Dunlop Tires Operations, S.A. v. Brown*
27      564 U.S. 915, 924 (2011) ............................................................6-7

28    *Picot v. Weston*
       780 F.3d 1206, 1211 (9th Cir. 2015). ...............................................6, 8

FROST BROWN TODD LLP
Los Angeles

i

*Dole Food Co. v. Watts*
  303 F.3d 1104, 1111 (9th Cir.2002) ........................................................6-7

*Calder v. Jones*
  465 U.S. 783, 788-89 (1984).......................................................................6

*Global Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*
  972 F.3d 1101, 1107 (9th Cir. 2020) ..........................................................7

*Schwarzenegger v. Fred Martin Motor Co.*
  374 F.3d 797, 802 (9th Cir. 2004)...............................................................7

*Briskin v. Shopify, Inc.*
  87 F.4th 404, 418 (9th Cir. 2023) ...............................................................8

*Balistreri v. Pacifica Police Dept.*
  901 F.2d 696, 699 (9th Cir. 1990)..............................................................10

*Ashcroft v. Iqbal*
  556 U.S. 662, 129, S.Ct. 1937, 1949 (2009)................................ 10, 12-13

*Bell Atlantic Corp. v. Twombly*
  550 U.S. 544, 570 (2007)................................................................. 10, 14

*Warren v. Fox Family Worldwide, Inc.*
  328 F.3d 1136, 1139 (9th Cir. 2003) .........................................................10

*Licea v. Hickory Farms LLC*
  No. 23STCV26148, 2024 WL 1698147, at *4 (Cal. Super. Mar. 13, 2024)...........12

*Silver v. Stripe Inc.*
  No. 4 :20-CV-08196-YGR, 2021 WL 3191752, at *4 (N.D. Cal. July 28, 2021) ...12

*Nguyen v. Barnes & Noble Inc.*
  763 F.3d 1171, 1177 (9th Cir. 2014). ........................................................13

*Moretti v. Hertz Corp.*
  No. C 13-02972 JSW, 2014 WL 1410432, at *2 (N.D. Cal. Apr. 11, 2014) ...........13

*Javier v. Assurance IQ, LLC* (*Javier I*)
  No. 4:20-CV-02860-JSW, 2021 WL 940319, at *3-4 (N.D. Cal. Mar. 9, 2021).....13

*Smith v. Facebook, Inc.*
  745 F. App'x 8, 8-9 (9th Cir. 2018) ...........................................................13

*Garcia v. Enter. Holdings, Inc.*
  78 F. Supp. 3d 1125, 1136 (N.D. Cal. 2015). ............................................13

*McHenry v. Renne*
  84 F.3d 1172, 1178 (9th Cir. 1996) ...........................................................14

*Brackett v. Am. Airlines Grp. Inc.*
  No. 21-cv-02681-HSG, 2022 WL 282529, at *2 (N.D. Cal. Jan. 31, 2022). ...........15

*Sullivan v. Oracle Corp.*
  51 Cal. 4th 1191 (2011) ..............................................................................15

FROST BROWN TODD LLP
LOS ANGELES

ii

**TABLE OF AUTHORITIES**

*Hammerling v. Google LLC*
 No. 21-cv-09004-CRB, 2022 WL 17365255, at *11 (N.D. Cal. Dec. 1, 2022). ...... 15

## **Statutes**

Cal. Pen. Code § 638.50 ............................................................................. 3, 10

Cal. Pen. Code § 638.51 .............................................................................. 10, 12

Cal. Pen. Code § 638.52 .................................................................................. 11

Cal. Civ. Code § 340(a) ................................................................................... 14

Cal. Pen. Code § 630 ....................................................................................... 15

**TABLE OF AUTHORITIES**

FROST BROWN TODD LLP
LOS ANGELES

1

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Vivint, Inc. ("Vivint") respectfully submits this Memorandum of Points and Authorities in support of its Motion to Dismiss (the "Motion") with respect to all causes of action in the Complaint filed by Plaintiff Dana Hughes ("Plaintiff") against Vivint.

## I.    INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff's Complaint against Vivint is procedurally and substantively deficient and should be dismissed with prejudice. Plaintiff has not – and cannot – allege concrete harm sufficient to satisfy Article III's "irreducible constitutional minimum of standing." The Complaint should be dismissed on this basis alone. In addition, Plaintiff has also failed to allege facts sufficient to confer this Court with jurisdiction over Vivint, has failed to state a claim for relief under the California Invasion of Privacy Act, and has issued a Complaint that is impermissibly vague. Accordingly, the Complaint should be dismissed.

## II.    STATEMENT OF FACTS

Vivint is a retailer that sells home security systems. (*See* Complaint, attached as Exhibit A ("Complaint") at ¶ 10.) Vivint is incorporated, and maintains its principal place of business, in Utah. Vivint operates https://www.vivint.com (the "Website") to market and sell its products. (*See* Complaint at ¶ 10.)

Plaintiff alleges that she is a California resident whose information was sent to TikTok through software installed on the Website. (*See* Complaint at ¶ 24.) Specifically, Plaintiff claims that Vivint installed software created by TikTok on the Website to identify website visitors (the "TikTok Software"). (*See* Complaint at ¶ 10.)

As asserted by Plaintiff, the TikTok Software uses "fingerprinting" to collect data about an individual who visits the Website – such as the individual's browser information, geographic information, referral tracking, and URL tracking – and matches that data with existing data to "reconstruct" the individual's identity. (*See* Complaint at ¶¶ 11, 12, 17.)

FROST BROWN TODD LLP
Los Angeles

Notably, Plaintiff does not allege *when* she visited the Website, the device she used to access the Website, what activity she engaged in on the Website, where she accessed the Website, or any concrete damages she incurred as a result of her interaction with the Website.

The Website includes "Terms and Conditions" that apply to any use of Vivint's website. (*See* Vivint's Request for Judicial Admission, filed simultaneously with this Motion ("RJN"), Exhibit A.). The Website also includes a written "Privacy Notice." (*See* RJN, Exhibit B.). Any individual, including Plaintiff, who visits the Website can access both the Terms and Conditions and the Privacy Notice. Vivint's Privacy Notice communicates that "[i]n addition to collecting information directly from you, [Vivint] may receive personal information about from other individuals, from the devices you use, through data collection technologies, . . . and from other lawful sources." (*See* RJN, Exhibit B.). Further, the Privacy Notice expressly informs Website visitors that:

- Vivint "may automatically collect information or inferences about you through tracking technologies such as cookies and tools that track your usage of Vivint websites or the Vivint mobile app." (*See* RJN, Exhibit B.)
- Vivint "may disclose personal information . . . with [its] affiliates and subsidiaries, service providers who act on [its] behalf, [its] business partners, third parties pursuant to legal purposes, or to others at your discretion." (*See* RJN, Exhibit B.)
- Vivint and its "service providers and business partners automatically collect certain information about you when you use and interact with [its] websites, social media accounts, mobile applications, and emails . . . using tools such as cookies, web beacons, pixels, tags, embedded scripts, session replay tools, SDKs, and other tracking technologies." (*See* RJN, Exhibit B.)

In addition to Vivint's explicit disclosures, the Privacy Notice also provides clear instructions on actions individuals can take to control the information collected. (*See* RJN, Exhibit B.). Plaintiff does not allege she took any of the identified opt-out actions

FROST BROWN TODD LLP
Los Angeles

**MEMORANDUM OF POINTS AND AUTHORITIES**

on her Vivint account, devices, or social media accounts.

In the Complaint, Plaintiff asserts that the TikTok Software is an illegal "trap and trace device" under § 638.50 of the California Invasion of Privacy Act ("CIPA"). (*See* Complaint at ¶¶ 18-23.)  Plaintiff also alleges that Vivint has "sufficient minimum contacts in the State of California or otherwise purposefully avails itself of the California market." (*See* Complaint at ¶ 3.)

## III.    ARGUMENTS AND AUTHORITIES

Plaintiff's Complaint should be dismissed for three reasons: (1) Plaintiff lacks standing because she has not alleged concrete harm; (2) Plaintiff has failed to plead facts sufficient to confer this Court with jurisdiction as to Vivint; and (3) Plaintiff fails to state a claim under CIPA, stretching the original intent of California's Trap and Trace Law beyond recognition and threatening public policy; and (4) Plaintiff's CIPA claim is impermissibly vague pursuant to Fed. R. Civ. Proc. 8 by failing to plead sufficient facts to avoid dismissal on CIPA's one-year statute of limitations while improperly seeking to apply CIPA to extraterritorial conduct.

### A.    <u>Plaintiff lacks standing because she does not allege concrete harm</u>.

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a court may dismiss a complaint for lack of subject matter jurisdiction if the plaintiff does not satisfy Article III standing requirements. *See Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). Plaintiff, as the party seeking to invoke the Court's subject matter jurisdiction, has the burden of establishing that such jurisdiction exists. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

To satisfy the "irreducible constitutional minimum of standing," Plaintiff must establish an injury that is "concrete and particularized, and actual or imminent, not 'conjectural' or 'hypothetical.'" *Lujan,* 504 U.S. at 560-61 (citations omitted). In the context of statutory claims, there is no Article III standing absent "plaintiff's suffering of concrete harm" as a result of "defendant's violation of" the statute. *TransUnion LLC v. Ramirez,* 141 S.Ct. 2190, 2205 (2021). "[U]nder Article III, an injury in law is not an

FROST BROWN TODD LLP
LOS ANGELES

1    injury in fact." *Id.* Rather, a concrete injury is one that "must actually exist." *Dugas v.*
2    *Starwood Hotels & Resorts Worldwide, Inc.,* No. 3:16-cv-00014-GPC-BLM, 2016 WL
3    6523428, at *2-3 (S.D. Cal. Nov. 3, 2016).

4        No such concrete injury exists here. Plaintiff fails to allege *any* harm—physical,
5    economic, or otherwise—resulting from her use of the Vivint website. Instead, Plaintiff
6    offers only the conclusory allegation that Vivint "uses a trap and trace process on its
7    Website by deploying the TikTok Software," and Vivint "did not obtain consent from
8    Plaintiff or any of the class members before using trap and trace technology." (*See*
9    Complaint at ¶¶ 34, 35.) Such bald allegations of statutory violations are insufficient to
10   confer standing. *See, e.g., Byars v. Sterling Jewelers, Inc.,* No. 5:22-cv-01456-SB-SP,
11   2023 WL 2996686, at *3 (C.D. Cal. Apr. 5, 2023) (granting motion to dismiss for lack
12   of standing because "the position that any violation of CIPA necessarily constitutes an
13   injury in fact without the need for an additional showing of harm" is "at odds with"
14   *TransUnion*).

15       Plaintiff fails to "identify any specific personal information" that could possibly
16   "implicate[] . . . any harm to [plaintiff's] privacy" by the alleged conduct. *Byars,* 2023
17   WL 2996686, at *3. For that reason alone, the Complaint should be dismissed. *See*
18   *Massie v. General Motors, LLC,* No. 21-787-RGA, 2022 WL 534468, at *5 (D. Del.
19   Feb. 17, 2022) (granting motion to dismiss for lack of standing where plaintiffs failed
20   to explain how defendant's possession of anonymized, non-personal data regarding
21   plaintiffs' browsing activities harmed privacy interests).

22       In addition, Plaintiff cannot satisfy Article III's injury-in-fact requirement
23   because Plaintiff consented to the alleged conduct. Vivint's website clearly displays a
24   link to its Privacy Notice, which informs Website visitors of the use of tracking
25   technologies. (*See* RJN, Exhibit B.)  Regardless of whether Plaintiff actually read the
26   notice, she suffered no injury under the statute or Article III, when she impliedly
27   consented to the challenged conduct. Plaintiff has not established Article III standing,
28   and the Complaint should be dismissed accordingly.

FROST BROWN TODD LLP
LOS ANGELES

**B.    California does not have personal jurisdiction over Vivint**.

Plaintiff has failed to allege facts sufficient to establish that this Court has personal jurisdiction over Vivint, and Plaintiff's claim should be dismissed under Rule 12(b)(2). Once a party seeks dismissal under Rule 12(b)(2), the plaintiff has the burden of demonstrating that the exercise of personal jurisdiction is proper. *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007). Although uncontroverted allegations in the complaint must be taken as true, the plaintiff cannot "simply rest on the bare allegation of its complaint." *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977).

When determining whether it can exercise jurisdiction over a nonresident defendant, a district court must determine whether asserting jurisdiction would offend the principles of Fifth Amendment due process or conflict with the state's long-arm statute. *Handsome Music, LLC v. Etoro USA LLC*, No. LACV2008059VAPJCX, 2020 WL 8455111, at *2 (C.D. Cal. Dec. 17, 2020).

Due process requires that nonresident defendants have certain "minimum contacts" with the forum state so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945). "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). "Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *Walden v. Fiore*, 571 U.S. 277, 286 (2014) (*quoting Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

Here, there is no general jurisdiction over Vivint in this state because Vivint is not considered "at home" in California. Moreover, specific jurisdiction is also lacking

because the exercise of personal jurisdiction over Vivint is improper under both the purposeful availment test and the purposeful direction test.

A court may exercise personal jurisdiction over a nonresident defendant generally or specifically. *Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997). For general jurisdiction to exist over a foreign corporation, its affiliations with the state must be so continuous and systematic as to render it essentially at home in the forum state. *Daimler AG v. Bauman*, 571 U.S. 117, 138–39 (2014) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)). The place of incorporation and principal place of business are "paradig[m]" bases for general jurisdiction. *Id.*

Courts employ a three-part test to assess whether a defendant has sufficient contacts with the forum state to be subject to specific personal jurisdiction: (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable. *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015).

Under the first prong, courts apply either a "purposeful direction" or "purposeful availment test." Under the purposeful availment analysis, the defendant's contacts at issue must create a "substantial connection" with the forum state such that the defendant can be said to have manifestly "availed himself of the privilege of conducting business there." *Burger King Corp.*, 471 U.S. at 475-76. The purposeful direction test asks whether the defendant (1) committed an intentional act, (2) expressly aimed at the forum, and (3) caused harm that the defendant knew to be likely suffered in the forum. *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002) (citing *Calder v. Jones*, 465 U.S. 783, 788-89 (1984)). The Ninth Circuit has explained "[a]t bottom, both purposeful availment and purposeful direction ask whether defendants have voluntarily

FROST BROWN TODD LLP
LOS ANGELES

derived some benefit from their interstate activities such that they 'will not be haled into a jurisdiction' solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." *Id.*; *see also Global Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1107 (9th Cir. 2020) (*quoting Burger King Corp.*, 471 U.S. at 474-75). Typically, courts apply the purposeful direction test to claims arising out of tort and the purposeful availment test to those arising out of contract. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

### 1. <u>Vivint is not subject to California's general jurisdiction because Vivint is not "at home" in California.</u>

Plaintiff has not, and cannot, show that Vivint is subject to the general jurisdiction of California courts because Plaintiff has not alleged, and cannot allege, facts sufficient to establish that Vivint has such "continuous and systematic" contacts with California as to render Vivint at home in this state. *Daimler*, 571 U.S. at 138–39 (citing *Goodyear*, 564 U.S. 924). Plaintiff appears to concede that California lacks general jurisdiction over Vivint, because she does not assert a single allegation to establish general jurisdiction. Plaintiff alleges that Vivint is "a New Jersey corporation with its principal place of business in Princeton, New Jersey." (*See* Complaint at ¶ 7.) The place of incorporation and principal place of business are "paradig[m]" bases for general jurisdiction. *Daimler*, 571 U.S. at 138–39 (*citing Goodyear*, 564 U.S. at 924). Because Vivint does not have such "continuous and systematic" contacts with California as to be considered "at home," Vivint is not subject to this Court's general jurisdiction.

### 2. <u>Vivint is not subject to specific jurisdiction because the activities alleged were not directed at California, and Vivint has not purposefully availed itself to this state.</u>

The exercise of specific jurisdiction over Vivint is likewise improper under both the purposeful direction test and purposeful availment test.  Under both analyses, Plaintiff has failed to show that Vivint voluntarily derived some benefit from the activities in California that are the subject of Plaintiff's claim against Vivint.

FROST BROWN TODD LLP
Los Angeles

The Ninth Circuit has held that exercise of specific jurisdiction over web-based platforms is not appropriate where the platforms do not have a forum-specific focus. *See Briskin v. Shopify, Inc.*, 87 F.4th 404, 418 (9th Cir. 2023). "When a company operates a nationally available e-commerce payment platform and is indifferent to the location of end-users, the extraction and retention of consumer data, without more, does not subject the defendant to specific jurisdiction in the forum where the online purchase was made." *Id.* at 409.

First, Vivint is not subject to specific jurisdiction under the purposeful availment test because Plaintiff has failed to show that Vivint performed affirmative conduct to create a substantial connection with California. Under the purposeful availment test for specific jurisdiction, Plaintiff must establish actions that create a "substantial connection" with the forum state. *Picot*, 780 F.3d at 1212 (quoting *Burger King*, 471 U.S. at 475.) Merely "random, fortuitous, or attenuated" contacts are not sufficient. *Id.* (internal quotation marks omitted). A defendant must have "performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state." *Id.*

Plaintiff has failed to show that Vivint performed affirmative conduct specific to California. Rather, Plaintiff asserts generic, conclusory statements in an attempt to persuade the Court that personal jurisdiction is appropriate. (*See* Complaint at ¶ 3.) Plaintiff's conclusory allegations that Vivint "purposefully avails itself of the California market" and "[e]xercising jurisdiction over [Vivint] would be consistent with traditional notions of fair play and substantial justice" cannot, alone, establish jurisdiction. Plaintiff alleges that Vivint "sells insurance in [California] and takes data from California residents in [California]." (*See* Complaint at ¶ 3.)  As an initial matter, Vivint does not sell insurance anywhere, let alone California.  Further, Plaintiff's Complaint alleges that Vivint uses the TikTok Software on the Website to "captur[e] incoming electronic impulses and identifying dials, routing, addressing, and signaling information generated" by visitors to the Website. (*See* Complaint at ¶ 19.)

FROST BROWN TODD LLP
Los Angeles

Yet, nowhere in the Complaint does Plaintiff assert any facts demonstrating that the Website or TikTok Software sought to appeal to the California audience in particular, prioritized California consumers, or acted in any way to focus on California. This failure is fatal to her claim. Because Plaintiff has failed to show more than attenuated contact between Vivint and California, Plaintiff has failed to demonstrate with reasonably particularity sufficient contacts to subject Vivint to specific personal jurisdiction under the purposeful availment analysis.

Second, Plaintiff's allegations fail under the purposeful direction test, sometimes called the "*Calder* test." Under the purposeful direction test, the plaintiff must show that defendant (1) committed an intentional act, (2) expressly aimed at the forum, and (3) caused harm that the defendant knew to be likely suffered in the forum. *Handsome Music, LLC*, 2020 WL 8455111, at *6.

The Complaint fails to show jurisdiction under the purposeful direction test because Plaintiff has failed to demonstrate that Vivint's use of the TikTok Software was "aimed" at or "intentionally targeted" toward California. Like the purposeful availment test, Plaintiff's Complaint fails to allege any fact supporting that Vivint directed its use of the TikTok Software toward California. Even if Plaintiff could show that Vivint targeted its use of the technology toward California, which it did not, Plaintiff nonetheless has failed to demonstrate that it knew that Plaintiff would suffer the brunt of the harm allegedly caused by the use of this technology in California.  Indeed, Plaintiff has not even alleged that she accessed the website while physically located in California or that she suffered any cognizable harm. Because Plaintiff has not met the requirements of the purposeful direction test, the exercise of specific jurisdiction over Vivint is improper.

Neither the purposeful availment nor purposeful direction test confer specific jurisdiction over Vivint in this case, and the Complaint should therefore be dismissed under Rule 12(b)(2).

//

FROST BROWN TODD LLP
Los Angeles

**C.**    **Plaintiff has failed to allege facts sufficient to state a claim under California's Trap and Trace Law**.

Dismissal under Rule 12(b)(6) is proper where there is either "a lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). A sufficient complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 129, S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. The court need not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

Plaintiff brings a single claim under CIPA related to use of a pen register or trap and trace device (the "Trap and Trace Law"). *See* Cal. Penal Code § 638.51. California Penal Code Section 638.51 prohibits the installation or use of "a pen register or a trap and trace device without first obtaining a court order" or "consent of the user of that service has been obtained." Cal. Penal Code § 638.51(a), (b)(5).

CIPA defines a "pen register" as "a device or process that records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted, but not the contents of a communication." Cal. Penal Code § 638.50(b). A "trap and trace" device has a similar definition, describing a device or process that "captures the incoming electronic or other impulses that identify the originating number or other dialing, routing, addressing, or signaling information reasonably likely to identify the source of a wire or electronic communication, but not the contents of a communication." Cal. Penal Code § 638.50(c).

FROST BROWN TODD LLP
LOS ANGELES

Historically, "pen registers" and "trap and trace" devices were tools used to capture data related to telephone calls. A pen register records outgoing phone numbers, while a trap and trace device records incoming phone numbers. Plaintiff now seeks to stretch the original intent of this provision beyond recognition.

1.  **Plaintiff's application of "trap and trace device" to the Website contradicts CIPA's compliance provisions and threatens public policy.**

Plaintiff's attempt to squeeze the use of the TikTok Software into the definition of "trap and trace device" both conflicts with CIPA's compliance provisions and threatens to create absurd public policy outcomes.

CIPA limits the use of pen register and trap and trace devices to specific law enforcement purposes and requires that an order approving their use specify "the identity, if known, of the person to whom is leased or in whose name is listed the telephone line to which the pen register or trap and trace device is to be attached" and the identity "of the person who is the subject of the criminal investigation." Cal. Penal Code § 638.52(d)(1)-(3). These compliance provisions, incorporated into the Trap and Trace Law by reference, demonstrate that the law refers specifically to telephonic communications, and not to internet connected devices.

Plaintiff alleges that the TikTok Software is "a process to identify the source of electronic communications," mirroring the language of the statute. (*See* Complaint at ¶ 19.) Yet, simply reasserting the statute's language is insufficient to apply the statute. The legislature, in Section 638.52,contemplated the connection to a particular person or telephone line in its drafting of the Trap and Trace Law. Unlike a traditional telephone or telephone line, https://www.vivint.com is a consumer-facing website with, as Plaintiff has alleged it, user-agnostic software. The "trap and trace device" as alleged by Plaintiff cannot be traced to a specific individual or phone line, as contemplated in Section 638.52. Plaintiff's theory warps the text and meaning of the Trap and Trace

FROST BROWN TODD LLP
Los Angeles

1   Law far beyond its intended use and creates absurdities in the compliance section of the
2   statute.

3       Further, at least one California court has noted the negative public policy
4   implications of allowing this skewed interpretation of the Trap and Trace Law. It
5   remarked, "public policy strongly disputes Plaintiff's potential interpretation of privacy
6   laws as one rendering every single entity voluntarily visited by a potential plaintiff,
7   thereby providing an IP address for purposes of connecting the website, as a violator."
8   *Licea v. Hickory Farms LLC*, No. 23STCV26148, 2024 WL 1698147, at *4 (Cal. Super.
9   Mar. 13, 2024). The court went on to say that "[s]uch a broad based interpretation would
10  potentially disrupt a large swath of internet commerce" and raises concerns about
11  creating liability without any preexisting relationship between the parties beyond
12  internet host and internet user.  *Id.*

13      This Court should likewise decline to expand the scope of the Trap and Trace
14  Law to tangential internet relationships that were not contemplated at the time of the
15  law's passage.

16          **2.**    **Plaintiff consented to Vivint's use of the TikTok Software.**

17      The exact conduct of which Plaintiff complains was explicitly disclosed to her in
18  Vivint's Privacy Policy. (*See* RJN, Exhibit B.)  Her consent defeats her claim. *See* Cal.
19  Penal Code § 638.51(b)(5) (creating an exception to liability when a user consents).

20      The question of consent boils down to whether Plaintiff was put on notice of the
21  alleged conduct. That answer is yes. Indeed, courts within this district "consistently hold
22  that terms of service and privacy policies . . . can establish consent to the alleged conduct
23  challenged under various states wiretapping statutes and related claims" at the motion
24  to dismiss stage. *Silver v. Stripe Inc.,* No. 4 :20-CV-08196-YGR, 2021 WL 3191752, at
25  *4 (N.D. Cal. July 28, 2021) (collecting cases under similar CIPA claims). Plaintiff's
26  threadbare allegations of lack of consent (*See* Complaint at ¶¶ 16, 21, 23, 35) are not
27  entitled to any weight. *See, e.g., Iqbal,* 556 U.S. at 678 ("Threadbare recitals of the
28

FROST BROWN TODD LLP
LOS ANGELES

elements of a cause of action, supported by mere conclusory statements, do not suffice").

Plaintiff's consent to the Privacy Policy during her browsing on the Vivint website constitutes agreement to the use of website enhancement technology, including the TikTok Software. A contract entered on the internet is enforceable if it puts a website user on actual or inquiry notice of the site's terms. *Nguyen v. Barnes & Noble Inc.,* 763 F.3d 1171, 1177 (9th Cir. 2014). It is enough that "a plaintiff is provided with an opportunity to review the terms of service in the form of a hyperlink"; if that exists, the plaintiff has agreed to "[a] binding contract." *Moretti v. Hertz Corp.,* No. C 13-02972 JSW, 2014 WL 1410432, at *2 (N.D. Cal. Apr. 11, 2014); *Javier v. Assurance IQ, LLC* (*Javier I*)*,* No. 4:20-CV-02860-JSW, 2021 WL 940319, at *3-4 (N.D. Cal. Mar. 9, 2021).

The express disclosures throughout the Privacy Policy are more than adequate to put a reasonable person on notice that Vivint uses website enhancement technology like the TikTok Software; that the record data collected from this technology may be shared with third parties; and that the technology is used to promote site functionality and for marketing. (*See* RJN, Exhibit B.)  Accordingly, Plaintiff's claims must be dismissed. *See, e.g., Smith v. Facebook, Inc.,* 745 F. App'x 8, 8-9 (9th Cir. 2018) (dismissing a similar CIPA claim associated with website enhancement technology where "[a] reasonable person viewing those disclosures would understand that Facebook maintains the practices of (a) collecting its users' data from third-party sites and (b) later using the data for advertising purposes"); *Garcia v. Enter. Holdings, Inc.,* 78 F. Supp. 3d 1125, 1136 (N.D. Cal. 2015) (taking judicial notice of "documents proffered by Defendants establish[ing] that in order to sign up for and use [the application], a user must agree to the [terms] and Privacy Policy" and dismissing CIPA claims despite plaintiff's conclusory allegation of lack of consent).

Plaintiff cannot maintain a Trap and Trace Law claim against Vivint where the law creates an explicit exception for consent, and Plaintiff was on notice as to the use

of technology like the TikTok Software.

**D.** __The CIPA claim is impermissibly vague__.

Plaintiff's CIPA claim fails for two additional reasons by being impermissibly vague. First, Plaintiff's failure to allege the date when she allegedly used the Website or that the alleged "trap and trace" occurred creates a statute of limitations issue. Second, Plaintiff's failure to allege that Vivint's challenged conduct occurred in California violates the presumption against extra-territorial application of California law.

Federal Rule of Civil Procedure 8 requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2); *Twombly*, 550 U.S. at 545. To satisfy the federal pleading standards, Plaintiff must fully identify "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *McHenry v. Renne,* 84 F.3d 1172, 1178 (9th Cir. 1996).

**1.** __Plaintiff's CIPA claim violates the one-year statute of__
__limitations.__

CIPA has a one-year statute of limitations for claims brought under its provisions. Cal. Code Civ. Proc. § 340(a). A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations when "the running of the statute is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (internal quotations omitted).

Plaintiff fails to plead that the activity that is the subject of her Complaint occurred within one year of her filing the action on March 12, 2024. Instead, Plaintiff asserts only that she brings a class action on behalf of similarly situated class members, including those "who within the statute of limitations period" had their "information . . . sent to TikTok by the Website." (*See* Complaint at ¶ 24.) This broad allegation fails to

1  adequately plead that Plaintiff herself is not barred by the one-year statute of limitation,

2  and her Complaint should therefore be dismissed.

3          **2.      Plaintiff's CIPA claim fails because the Trap and Trace Law**

4                  **does not apply to extraterritorial conduct.**

5          Nothing in CIPA displaces the "strong presumption against the extra-territorial

6  application of California law." *Brackett v. Am. Airlines Grp. Inc.,* No. 21-cv-02681-

7  HSG, 2022 WL 282529, at *2 (N.D. Cal. Jan. 31, 2022) (citing *Sullivan v. Oracle Corp.,*

8  51 Cal. 4th 1191 (2011)). Indeed, CIPA's intent is "to protect the right of privacy of *the*

9  *people of this state."* Cal. Penal Code § 630 (emphasis added). Had the Legislature

10 intended to provide for CIPA's extraterritorial application, it would have done so

11 expressly. It did not. As such,  Section 630's plain language must be given effect. It is

12 axiomatic that courts applying California law must "presume the Legislature did not

13 intend a statute to be operative, with respect to occurrences outside the state, . . . unless

14 such intention is ***clearly expressed*** or reasonably to be inferred from the language of the

15 act or from its purpose, subject matter or history." *Sullivan,* 51 Cal. 4th at 1207 (internal

16 quotation marks omitted) (emphasis added).

17         Plaintiff fails to state a CIPA claim because Plaintiff does not factually allege that

18 trap and trace activity took place in California. Although Plaintiff alleges that she is a

19 citizen of California and limits her subclass for the CIPA claim to "persons within

20 California," Plaintiff fails to allege that any data was captured *in California*. (*See*

21 Complaint at ¶¶ 6, 24.) *Hammerling v. Google LLC,* No. 21-cv-09004-CRB, 2022 WL

22 17365255, at *11 (N.D. Cal. Dec. 1, 2022) (dismissing plaintiff's CIPA claim because

23 plaintiffs "fail to allege that the data in question was intercepted in California, as is

24 required under the CIPA"). Plaintiff alleges Vivint installed the TikTok Software on the

25 Website and collected information about the Website's visitors. (*See* Complaint at ¶ 1.)

26 She concedes, however, that Vivint maintains its principal place of business in New

27 Jersey. (*See* Complaint at ¶ 7.) Because Plaintiff fails to allege that Vivint's challenged

28 conduct occurred in California, Plaintiff's CIPA claim should be dismissed.

FROST BROWN TODD LLP
Los Angeles

**IV.    CONCLUSION**

For the reasons stated above, Plaintiffs respectfully request that this Court grant Vivint's Motion and dismiss, with prejudice, all allegations in the Complaint.

DATED:  May 21, 2024                          FROST BROWN TODD LLP


                                              By:_____
                                                    LIAM E. FELSEN
                                                    Attorneys for Defendant
                                                    VIVINT. INC.

**MEMORANDUM OF POINTS AND AUTHORITIES**

FROST BROWN TODD LLP
LOS ANGELES

# CERTIFICATE OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is Frost Brown Todd LLP, 633 W. Fifth Street, Suite 900, Los Angeles, CA 90071.

On May 21, 2024, I served the following document(s) on the interested parties in this action: **VIVINT'S NOTICE OF MOTION, MOTION TO DISMISS, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

☐    by placing the original and/or a true copy enclosed in (a) sealed envelope(s), addressed as follows:

| Robert Tauler<br>TAULER SMITH LLP<br>626 Wilshire Boulevard, Suite 550<br>Los Angeles, CA 90017 | Attorney for Plaintiff:<br>Dana Hughes<br><br>Phone: (213) 927-9270<br>Email: robert@taulersmith.com |
|---|---|

☒    **BY CM/ECF SYSTEM:** Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

☐    **BY REGULAR MAIL:** I placed such envelope with postage fully paid in the United States mail at Los Angeles, California. I am "readily familiar" with this firm's practice of collecting and processing correspondence for mailing. It is deposited with U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☐    **BY ELECTRONIC SERVICE:** I caused the document(s) to be sent to the persons at the electronic notification address listed in the Service List.

☒    (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on May 21, 2024, at Los Angeles, California.


/s/ *Julia Evans*

Julia Evans

0145544.0782478   4865-5546-9757v2