Robert Tauler, Esq. (SBN 241964)
robert@taulersmith.com
Matthew J. Smith, Esq. (SBN 240353)
matthew@taulersmith.com
TAULER SMITH LLP
626 Wilshire Boulevard, Suite 550
Los Angeles, California 90017
Tel: (213) 927-9270

*Attorneys for Plaintiff*
*Dana Hughes*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANA HUGHES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VIVINT, INC., a New Jersey Corporation; and DOES 1 through 25 inclusive,<br><br>Defendants. | Case No.: 2:24-CV-03081-GW (KSx)<br><br>**PLAINTIFF DANA HUGHES'S OPPOSITION TO DEFENDANT VIVINT, INC.'S MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**<u>Hearing</u>**<br>**Date: July 15 2024**<br>**Time: 8:30 am**<br>**Courtroom: 9D** |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .......... iii
MEMORANDUM OF POINTS AND AUTHORITIES .......... 1
I. INTRODUCTION .......... 1
II. PROCEDURAL HISTORY .......... 2
III. RELEVANT FACTS .......... 2
IV. LEGAL STANDARD .......... 3
A. Standard for 12(b)(6) Motion to Dismiss .......... 3
B. Standard for Personal Jurisdiction .......... 3
C. Cal. Penal Code §638.51, California Trap and Trace Law .......... 3
V. ARGUMENT .......... 4
A. Plaintiff Has Standard .......... 4
B. California Has Personal Jurisdiction over Defendant .......... 5
1. The Purposeful Direction Test Applies .......... 6
2. Defendant Engaged in Intentional Acts Expressly Aimed at the Forum .......... 7
3. Exercising Personal Jurisdiction Would Be Reasonable .......... 10
C. Plaintiff Has Stated a Claim Under CIPA & Penal Code §638.51 .......... 10
1. Section 638.51 Does Not Violate Public Policy .......... 10
2. Plaintiff did not Consent to Defendant's De-Anonymization .......... 11
D. The Complaint is not Vague .......... 12
1. The Complaint Does not Violate CIPA's Statute of Limitations .......... 12

2. Defendant's Conduct was not Extra-Territorial ............................................ 12

E. Plaintiff Requests Leave to Amend Should the Court Find the Allegations Deficient ............................................................................................ 12

VI. CONCLUSION ........................................................................................ 13

LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE ........................................ 14

CERTIFICATE OF SERVICE ............................................................................ 15

# TABLE OF AUTHORITIES

Cases

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064 (9th Cir. 2017) ........................ 7

*Ayala v. Sixt Rent a Car, LLC*, 2019 US. Dist. LEXIS 112879 (C.D. Cal. July 8, 2019) .. 4

*Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124 (2010)............................. 7

*Briskin v. Shopify, Inc.*, No. 22-15815, 2024 U.S. App. LEXIS 11676, 2024 WL 2148754 (9th Cir. May 14, 2024)............................................................. 8, 9

*Calder v. Jones*, 465 U.S. 783 (1984)............................................................. 6, 7

*Caltex Plastics, Inc. v. Lockheed Martin Corp*, 824 F.3d 1156 (9th Cir. 2016)................. 3

*Direct Mortgage Corp. v. Keirtec Inc.*, 478 F. Supp. 2d 1339 (D. Utah 2007).................. 4

*Freestream Aircraft (Berm.) Ltd. v. Aero L. Grp.*, 905 F.3d 597 (9th Cir. 2018) ............ 10

*Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246 (9th Cir. 1997) ........................................... 3

*Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408 (1984)......................... 3

*Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085 (9th Cir. 2023)........................... 9

*In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589 (9th Cir. 2020)................. 5, 6

*Javier v. Assurance IQ, LLC, et al.,* No. 21-16351, 2022 U.S. App. LEXIS 14951, 2022 WL 1744107 (9th Cir. May 31, 2022) ............................................................. 6

*Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) ............................................................ 12

*Mikulsky v. Bloomingdale's, LLC*, No. 3:23-CV-00425-L-VET, 2024 U.S. Dist. LEXIS 17411, 2024 WL 337180 (S.D. Cal. Jan. 25, 2024).......................................... 9

*Patel v. Facebook, Inc.* 932 F.3d 1264 (9th Cir. 2019) .................... 5

*Pebble Beach Co. v. Caddy*, 453 F.3d 1151 (9th Cir. 2006) .................... 3

*Picot v. Weston*, 780 F.3d 1206 (9th Cir. 2015) .................... 6

*Rodriguez v. Aquatic Sales Solutions LLC*, No. 2:23-cv-05198-CAS-E, 2024 U.S. Dist. LEXIS 97308 (C.D. Cal. May 29, 2024) .................... 7

*Schwarzenegger v. Fred Martin Motor Co*., 374 F.3d 797 (9th Cir. 2004) ..........3, 6, 7, 10

*Swarts v. Home Depot, Inc*., No. 23-CV-0995-JST, 2023 U.S. Dist. LEXIS 153477, 2023 WL 5615453 (N.D. Cal. Aug. 30, 2023) .................... 6

*Thoma v. VXN Grp., LLC*, 2024 U.S. Dist. LEXIS 75051 (C.D. Cal. April 23, 2024) ...... 5

*TransUnion v. Ramirez*, 594 U.S. 413 (2021) .................... 5

*United States v. Kimble*, 107 F.3d 712 (9th Cir.1997) .................... 10

*Wolfe v. Strankman*, 392 F.3d 358 (9th Cir. 2004) .................... 5

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitimse*, 433 F.3d 1199 (9th Cir. 2006) .................... 7

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Vivint, Inc. has embedded TikTok Software on its website that transmits electronic signals and impulses as soon as Plaintiff lands on any page of the Defendant's website. This TikTok Software tracks a user's location, search terms, browsing history, and purchase history, among the numerous types of information it collects from unsuspecting visitors. The process constitutes a trap and trace device. This is a violation of the California Invasion of Privacy Act's ("CIPA") California Trap and Trace Law, Penal Code § 638.51(a).

Each of Defendant's arguments in support of the Motion to Dismiss fail. Plaintiff has standing and cannot raise Article III standing when it was defendant who removed the case to federal court. The Court has specific personal jurisdiction over Defendant.

Plaintiff sufficiently states a CIPA claim and a violation of the Trap and Trace statute. The TikTok Software has been identified by the U.S. National Security Agency as "a platform for surveillance", and Defendant minimizes what the TikTok Software does in claiming that Plaintiff's Trap and Trace claim allegedly violates "public policy." Indeed, there is good reason why the California legislature would seek to protect its citizens from unprecedented and advanced technological intrusions to individual privacy rights, not to mention why the U.S. Congress is in agreement that TikTok poses a danger to our society. Plaintiff did not consent to Defendant's surveillance. For these reasons, and as discussed in further detail below, the Court should deny the Motion to Dismiss.

## II. PROCEDURAL HISTORY

The Complaint in this matter was filed on March 3, 2024 (Dkt. 1, Ex A.). Defendant was served on March 14, 2024 (Dkt. 1, Ex B.). Defendant removed the case on April 15, 2024 (32 days after service) (Dkt. 1). According to Defendants, the parties "met and conferred" about the present motion on April 10, 2024, five days before the case was removed. (Dkt. 11, Pg. 2) (the "Motion").

## III. RELEVANT FACTS

Defendant sells home security systems on its website, www.vivint.com (the "Website"). Complaint ¶ 10. Defendant has installed TikTok Software on the Website that acts via process known as "fingerprinting". Compl. ¶ 11. As soon as a visitor lands on any Website page, code collects data about the visitor and sends it to TikTok's servers, so it can identify the user and match it with information it has in its data base on all Americans. *Id*. at 15 & 17. The software is also known as 'de-anonymization software. Compl. ¶ 1. It is "deployed for the purpose of secretly collecting information about Website visitors, so that they may be de-anonymized, watched, tracked and traced by both Defendant and TikTok." *Id.* "In this regard, TikTok has recently been identified as a 'platform for surveillance' by the director of the U.S. National Security Agency. *Id*. at 17.

"The TikTok Software is a process to identify the source of electronic communication by capturing incoming electronic impulses and identifying dialing, routing, addressing and signaling information generated by users." *Id.* at. 19.

## IV. LEGAL STANDARD

### A. Standard for 12(b)(6) Motion to Dismiss

As the Ninth Circuit has observed, "The [Rule 12(b)(6)] motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Gilligan v. Jamco Dev. Corp*., 108 F.3d 246, 249 (9th Cir. 1997). The Court "must accept" all facts alleged by Plaintiff "as true." *Caltex Plastics, Inc. v. Lockheed Martin Corp*, 824 F.3d 1156, 1159 (9th Cir. 2016).

### B. Standard for Personal Jurisdiction

"The general rule is that personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute, and if the exercise of that jurisdiction does not violate federal due process." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154-55 (9th Cir. 2006). Plaintiff contends that Defendant is subject to specific jurisdiction, where a cause of action results from a defendant's contacts with the forum state. See *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414-16 fn.9. (1984). "Where, as here, the motion is based on written materials rather than an evidentiary hearing . . . we only inquire into whether the plaintiff's pleadings and affidavits make a *prima facie* showing of personal jurisdiction." *Schwarzenegger v. Fred Martin Motor Co*., 374 F.3d 797, 800 (9th Cir. 2004).

### C. Cal. Penal Code § 638.51, California Trap and Trace Law

Penal Code § 638.51 provides, in pertinent part, as follows:

(a) Except as provided in subdivision (b), **a person may not install or use a pen register or a trap and trace device without first obtaining a court order** pursuant to Section 638.52 or 638.53.

(b) A provider of electronic or wire communication service may use a pen register or a trap and trace device for any of the following purposes:

(1) To operate, maintain, and test a wire or electronic communication service.

* * *

(5) If the consent of the user of that service has been obtained.

## V. ARGUMENT

### A. Plaintiff Has Standing

This case was filed in state court. Defendant removed this case, and now moves to dismiss based on lack of article III standing. This tactic has been disavowed by this district, for the simple reason that a party cannot "simultaneously try to reap benefits from both state and federal jurisdiction, rather than wholly committing to one." *Ayala v. Sixt Rent a Car, LLC*, 2019 US. Dist. LEXIS 112879, at *6 (C.D. Cal. July 8, 2019) (quoting *Direct Mortgage Corp. v. Keirtec Inc.*, 478 F. Supp. 2d 1339, 1440-41 (D. Utah 2007).

At minimum, the Court should order the case remanded if it finds that Article III standing is wanting. *Ayala v. Sixt Rent a Car, LLC*, 2019 US. Dist. LEXIS 112879, at *5 (C.D. Cal. July 8, 2019) ("defendant [is trying] to have it both ways be asserting, then immediately disavowing, federal jurisdiction, apparently in the hopes of achieving outright dismissal, with prejudice rather than the remand required by § 1447(c).")

Similarly, since the issue of Article III standing was never part of the parties' "meet and confer," which occurred five days before the case was removed, the motion should be dismissed on this separate ground. *Thoma v. VXN Grp., LLC*, 2024 U.S. Dist. LEXIS 75051, at * 3 (C.D. Cal. April 23, 2024) (denying motion to dismiss for not discussing pertinent issues thoroughly).

Notwithstanding the above, Plaintiff has Article III standing. Relevant here, "a right to privacy encompasses the individual's control of information concerning his or her person." *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 598 (9th Cir. 2020). "Violations of this right fall into the category of traditionally recognized harms. *Patel v. Facebook, Inc.* 932 F.3d 1264, 1272 (9th Cir. 2019) (recognizing the "common law roots of the right to privacy.") As a result, intrusions into privacy constitute an injury in fact. Similarly here, Plaintiff alleges injury in her invasion of privacy. Defendant collected Plaintiff's phone number, email address and routing information." Complaint ¶ 34.

"Although the 'most obvious' concrete harms are tangible - e.g., physical or monetary, 'various intangible harms can also be concrete.'" *TransUnion v. Ramirez*, 594 U.S. 413 (2021). Moreover, on a facial challenge to standing, the Court must draw all reasonable inferences in favor of the non-moving party. See *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

**B. <u>California Has Personal Jurisdiction over Defendant</u>**

Under the first prong of the specific jurisdiction analysis, plaintiff must establish that defendant "either purposefully availed [itself] of the privilege of conducting activities

in California, or purposefully directed [its] activities toward California." *Schwarzenegger v. Fred Martin Motor Co*, 374 F.3d 797, 802 (9th Cir. 2004). Courts have interpreted "purposeful availment" and "purposeful direction" as distinct concepts. Purposeful direction analysis is generally used for claims sounding in tort, while purposeful availment analysis is used for claims sounding in contract. *Picot v. Weston*, 780 F.3d 1206, 1212 (9th Cir. 2015).

**1. <u>The Purposeful Direction Test Applies</u>**

The conduct alleged here, the taking of personal information without consent, sounds in tort. See *Javier v. Assurance IQ, LLC, et al. e.g., Javier v. Assur. IQ, LLC,* No. 21-16351, 2022 U.S. App. LEXIS 14951, 2022 WL 1744107 (9th Cir. May 31, 2022) (In the concurring opinion, Judge Bumatay of the Ninth Circuit wrote: "CIPA codified the common law tort of invasion of privacy. See *In re Facebook, Inc. Internet Tracking Litig*., 956 F.3d 589, 598 (9th Cir. 2020) ("[T]he legislative history and statutory text demonstrate that . . . the California legislature intended to protect . . . historical privacy rights when [it] passed . . . CIPA.". So rather than a contracts lens, we should review this case through a torts lens."); *see also, e.g., Swarts v. Home Depot, Inc*., No. 23-CV-0995-JST, 2023 U.S. Dist. LEXIS 153477, 2023 WL 5615453, at *3 (N.D. Cal. Aug. 30, 2023) ("Plaintiff's CIPA . . claim[] sound[s] in tort").

Courts in the Ninth Circuit analyze purposeful direction under the three-part "effects test" from the Supreme Court's opinion in *Calder v. Jones*, 465 U.S. 783, 787-89, (1984); *Schwarzenegger*, 374 F.3d at 803. "Under this test, the defendant allegedly must have (1)

committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124,1128 (2010) (internal quotation marks and citation omitted) abrogated on other grounds as recognized by *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069 (9th Cir. 2017).

**2. <u>Defendant Engaged in Intentional Acts Expressly Aimed at the Forum</u>**

The Court finds that defendant has committed intentional acts, and a defendant acts intentionally when he acts with "an intent to perform an actual, physical act in the real world, rather than an intent to accomplish a result or consequence of that act." *Schwarzenegger*, 374 F.3d at 806. Thus, the focus is on "the forum in which the defendant's action were felt, *whether or not the actions themselves occurred within the forum*." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitimse*, 433 F.3d 1199, 1206 (9th Cir. 2006) (emphasis added) (citing *Calder*, 465 U.S. at 789-90).

The Court in *Rodriguez v. Aquatic Sales Solutions LLC*, No. 2:23-cv-05198-CAS-E, 2024 U.S. Dist. LEXIS 97308, at *15 (C.D. Cal. May 29, 2024) found intentional acts where the Minnesota aquarium supply company used a highly interactive website to sell physical products in the forum state of California. The plaintiff alleged that defendant "operates, and/or controls the Website" and "sells aquarium supplies and related accessories through its e-commerce website to consumers throughout the United States and in California." FAC ¶ 4. The plaintiff additionally alleged that defendant "offered an online

'chat' feature for consumers to communicate directly with [d]efendant through the Website." *Id*. Furthermore, defendant 'allowed a third party named Zendesk to embed its chat technology code into the chat feature offered on [d]efendant's Website." *Id*. ¶ 9. These all qualified as intentional acts, including Defendant's conduct in operating the Website. "The Website, and its accompanying chat feature, were accessible in California. . . The Website and chat feature therefore go to the core of plaintiff's CIPA claim." *Id*. Thus, the Court denied Plaintiff's Motion to Dismiss.

Defendant cites *Briskin v. Shopify*, 87 F.4th 404, 418 (9th Cir. 2023) for the proposition that the Canadian-based company was not subject to specific jurisdiction in California. *Briskin* is inapposite for several reasons. First, it appears that the Ninth Circuit intends to rehear *Briskin* en banc and has vacated the three-judge panel opinion cited by defendant. *Briskin v. Shopify, Inc.*, No. 22-15815, 2024 U.S. App. LEXIS 11676, 2024 WL 2148754, at *1 (9th Cir. May 14, 2024). Moreover, Briskin is distinguishable on its facts.

In *Briskin*, the plaintiff sued Shopify, a web-based payment processing platform that contracts with merchants nationwide, for allegedly obtaining the personal information of those merchants'' customers. 87 F.4th at 409. In support of finding personal jurisdiction over Shopify in California, the plaintiff pointed to various business contacts between Shopify and California including "Shopify's contracts with California merchants, its Los Angeles 'store' that promotes merchant relations, its California fulfillment center," and its California employees and business registration. *Id*. at 413. Writing for the panel, Judge Daniel Bress held that plaintiffs' claims did not arise out of these contacts because

"[plaintiff's] claims have nothing to do with Shopify's brick-and-mortar operations in the state[,] [n]or do they relate to Shopify's contracts with merchants in California." *Id.*

In contrast, here, plaintiff's privacy claims are related to defendant's sales to California of home security systems on its Website to California residents. Defendant deploys the TikTok Software to target advertising and drive sales to consumers, including consumers in California. Compl. ¶¶ 1 & 10. For the purposes of personal jurisdiction, sales resulting from defendant's efforts to drive sales to California consumers are sufficiently related to claims arising from those efforts. See *Mikulsky v. Bloomingdale's, LLC*, No. 3:23-CV-00425-L-VET, 2024 U.S. Dist. LEXIS 17411, 2024 WL 337180, at *5 (S.D. Cal. Jan. 25, 2024) (holding that, in a CIPA action for data collection on a defendant's website, the defendant's sales through brick-and-mortar operations in California were relevant to the personal jurisdiction analysis because the "the purpose of collecting the data [on the website] [was], at least in part, to support in-store operations").

Similarly, in *Herbal Brands, Inc. v. Photoplaza, Inc*., 72 F.4th 1085 (9th Cir. 2023), the Ninth Circuit "squarely addressed the question whether sales of a product to forum residents through an interactive website constitutes 'something more' to establish express aiming when there is no evidence that the seller specifically targeted that forum." *Herbal Brands*, 72 F.4th at 1092- 93. The Court held that "if a defendant, in its regular course of business, sells a physical product via an interactive website and causes that product to be delivered to the forum, the defendant 'expressly aimed' its conduct at that forum." *Id.* at 1093.

### 3. <u>Exercising Personal Jurisdiction Would Be Reasonable</u>

It is well settled that if the first two prongs are satisfied, then the burden shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable. *Schwarzenegger*, 374 F.3d at 802. The Ninth Circuit has identified seven factors relevant to this inquiry. *Freestream Aircraft (Berm.) Ltd. v. Aero L. Grp*., 905 F.3d 597, 607 (9th Cir. 2018) (listing factors). Defendant never even mentions any of these factors. Defendant has therefore failed to meet its burden to make a "compelling case," and abandoned this argument. See *United States v. Kimble*, 107 F.3d 712, 715 n. 2 (9th Cir.1997) (stating that arguments not coherently developed in briefs are deemed abandoned. Even on the merits, there is no greater burden for Defendant to defend this action in California compared to anywhere else that the Website reaches. California has expressly declared a very strong interest in protecting its citizens from illegal surveillance, see Cal. Penal Code § 630, and no other state involved has any meaningful interest in providing a forum and jury for enforcing California's privacy laws.

## C. <u>Plaintiff Has Stated a Claim Under CIPA & Penal Code §638.51</u>

### 1. <u>Section 638.51 Does Not Violate Public Policy</u>

Defendant claims that Section 638.51 "threatens to violate public policy" and would "create absurd public policy outcomes." (Motion at 8-11). This itself is an absurd argument to make. The California Legislature has expressly stated that it "intends to protect the right of privacy of the people of this state" by passing CIPA, which includes §638.51. See, Penal Code Section 630. The United States government has also passed recent legislation

premised on the danger to the American public of TikTok. Defendant has no support for its reasoning that TikTok is "user agnostic software" (Motion 11:25). The software is not agnostic at all; it is designed to identify otherwise anonymous website visitors. Defendant minimizes what the TikTok Software on Defendant's Website is doing. The TikTok Software is not simply tracking an IP address, which Plaintiff does not even allege. It is a very powerful surveillance tool that routes information to the Chinese government. "Data captured by the TikTok Software is sent to TikTok's servers so that TikTok can reconstruct the user's identity. The objective for TikTok is to gather as much information about Americans as they can, by any means necessary. In this regard, TikTok has recently been identified as 'a platform for surveillance' by the director of the National Security Agency." Complaint ¶ 17.

Nor is Defendant's citation to *Hickory Farms* relevant, since that case had to do with whether capturing an IP address is sufficient basis for a violation of CIPA. However, the Complaint makes no mention of an IP address. The TikTok Software uses complex matching and fingerprinting technologies based on TikTok's existing database of information in order to identify and track users. Complaint ¶¶ 11-17.

Defendant's unabashed use of these technologies without consent violates California law, public policy, and quite frankly, is disturbing.

**2. <u>Plaintiff did not Consent to Defendant's De-Anonymization</u>**

Defendant argues that Plaintiff "consented" to Defendants use of the TikTok Software because of a privacy policy she never saw, and never could have seen, before the

tracking began. The Complaint clearly states that the TikTok tracking process begins "automatically when a user lands" on the site. Complaint 15 & 17. There is no opportunity to consent under these circumstances, and no presumption of consent should be given to Defendant at the pleading stage.

### D. The Complaint is not Vague

#### 1. The Complaint Does not Violate CIPA's Statute of Limitations.

This argument is improper. The Complaint states that Plaintiff represents a class of individuals who visited the site "within the statute of limitations period." Complaint ¶ 24. It is reasonable to infer that Plaintiff did so herself, and nothing contained in the Complaint indicates otherwise.

#### 2. Defendant's Conduct was not Extra-Territorial

Defendant conducted its data collection in this State. Plaintiff does not seek extra-territorial reach of laws enacted to protect the citizens of this State. This argument should be disregarded.

### E. Plaintiff Requests Leave to Amend Should the Court Find the Allegations Deficient

Where pleadings are determined to be deficient, leave to amend is liberally granted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff respectfully requests leave to amend to the extent the Court finds the allegations in anyway deficient.

## VI. CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests the Court deny the Motion to Dismiss, or in the alternative, permit Plaintiff leave to amend to add more facts as necessary.

DATED: June 24, 2024

**TAULER SMITH LLP**

By: *[/s/ Robert Tauler](#)*

Robert Tauler, Esq.
Wendy Miele, Esq.
Attorneys for Plaintiff
Dana Hughes

# LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Dana Hughes, certifies that this brief contains 3,078 words, which complies with the word limit of L.R. 11-6.1.

DATED: June 24, 2024

**TAULER SMITH LLP**

By: */s/ Robert Tauler*
Robert Tauler, Esq.
Wendy Miele, Esq.
Attorneys for Plaintiff
Dana Hughes

# CERTIFICATE OF SERVICE

I hereby certified that I served the foregoing document on all parties of record by CM/ECF and by email to the following addresses:

LIAM E. FELSEN (350451)
lfelsen@fbtlaw.com
FROST BROWN TODD LLP
633 W. Fifth Street, Suite 900
Los Angeles, CA 90071

*Attorneys for Defendant*

DATED: June 24, 2024 **TAULER SMITH LLP**

By: */s/ Robert Tauler*
Robert Tauler, Esq.
Wendy Miele, Esq.
Attorneys for Plaintiff
Dana Hughes