LIAM E. FELSEN (350451)
lfelsen@fbtlaw.com
FROST BROWN TODD LLP
633 W. Fifth Street, Suite 900
Los Angeles, CA 90071
Phone: (213) 629-7044
Fax: (213) 229-2499

Attorneys for Defendant
VIVINT, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANA HUGHES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VIVINT, INC., a New Jersey Corporation; and DOES 1 through 25, inclusive,<br><br>Defendant. | **CASE NO.:** 2:24-cv-03081-GW (KSx)<br><br>(Superior Court of California, County of Los Angeles, Case No. 24STCV06156)<br><br>**VIVINT, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>**Action Filed**: March 12, 2024<br>**Action Removed**: April 15, 2024<br><br>**Hearing Date:** July 15, 2024<br>**Hearing Time**: 8:30 a.m.<br>**Courtroom:** 9D – 9th Floor |

Plaintiff's Opposition is as conclusory and threadbare as her Complaint. Simply put, she failed to allege facts sufficient to state a claim for relief under the California Invasion of Privacy Act and she has failed to present argument sufficient to establish any such claim. That alone is fatal to Plaintiff's claim, but in addition Plaintiff failed to demonstrate that her defective complaint alleged concrete harm sufficient to satisfy Article III's standing requirements, or that the Court has personal jurisdiction over Vivint sufficient to hear this case.

Although Plaintiff has failed to offer an argument sufficient to demonstrate that she prevails on *any* of the deficiencies Vivint raises in its Motion to Dismiss, the Court need only to find in favor of Vivint on one of its theories to dismiss Plaintiff's Complaint.

**I. Plaintiff's CIPA claim lacks a cognizable legal theory.**

Plaintiff dedicates barely over a page of her Opposition to responding to Vivint's arguments that she failed to state a claim upon which relief can be granted. Indeed, no argument can transform Plaintiff's allegations against Vivint into a viable claim. Where there is "a lack of a cognizable legal theory" in the complaint, dismissal under Rule 12(b)(6) is proper. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" to survive dismissal. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Because the Website and TikTok Software are not telephonic communications and do not occur over a "telephone line," Cal. Penal Code § 638.51, is inapplicable here. In the Complaint, Plaintiff formulaically recites the language of Section 638.50, for example asserting that the TikTok Software is "a process to identify the source of electronic communications." (*See* Doc. 1, Compl. at ¶ 19.) Yet in her Opposition, Plaintiff fails to even address the fact that the statutory compliance provision related to the pen-register statute specifies that § 638.52 (and therefore § 638.51) applies only to communications via a "telephone line," thereby conceding this point. *See* Cal. Penal Code § 638.52(d)(1)-(3).

Further, rather than addressing the valid concerns Vivint raises about the public policy implications of expanding the application of Section 638.51 to virtually any device that collects data, Plaintiff resorts to unpled and unsubstantiated conspiracy theories that the TikTok Software "routes information to the Chinese government." (Doc. 13, Opp. At 11.) This assertion is both unsupported and immaterial. Under Plaintiff's interpretation of the statute, even entities taking every possible effort to

comply with CIPA may be repeatedly subjected to civil suits like this one.

In fact, a California court reviewed the very issue raised by Plaintiff in this suit in March of this year and sustained the defendant's demurrer. *See Licea v. Hickory Farms LLC*, No. 23STCV26148, 2024 WL 1698147, at *4 (Cal. Super. Mar. 13, 2024). In *Hickory Farms*, the Court focused on exactly the same issues as presented in this case, and "strongly dispute[d] Plaintiff's interpretation of privacy laws as one rendering every single entity voluntarily visited by a potential plaintiff . . . as a violator." *Id.* at *4. Although the court in *Hickory Farms* focused on the capturing of IP addresses, the Superior Court's concern about "broad based interpretation[s] . . . potentially disrupt[ing] a large swath of internet commerce without further refinement as [to] the precise basis of liability" is the same concern raised by Plaintiff's theory in this case. *Id.* The *Hickory Farms* court was correct to take seriously the real world implications of such fringe legal theories.

The legal theory underlying Plaintiff's CIPA claim outright fails. Because Plaintiff has not—and cannot—state a claim upon which relief can be granted, her Complaint should be dismissed.

## II. <u>Vivint properly removed this case, and the case is subject to dismissal under numerous theories—including lack of standing</u>.

Plaintiff's assertion that Vivint manipulated the removal process in order to "try to reap the benefits from both state and federal jurisdiction" is a distraction from the reality that she cannot demonstrate cognizable harm suffered as a result of Vivint's alleged actions. (Doc. 13, Opp., p. 4.)

First, Plaintiff asserts a purported class action against Vivint. (Doc. 1, Compl., ¶¶ 24-29.) The Class Action Fairness Act ("CAFA") vests federal district courts with original jurisdiction over any action that: (a) is a purported class action; (b) satisfies minimal diversity requirements; (c) presents an amount in controversy exceeding five million dollars in the aggregate, exclusive of interest and costs; and (d) involves a class of at least 100 members. *See* 28 U.S.C. § 1332(d). Each element is met here. (Doc. 1,

FROST BROWN TODD LLP
LOS ANGELES

Notice of Removal, ¶ 7.) CAFA reflects a "strong preference" to resolve class actions in federal court. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). As such, Vivint appropriately removed this case to federal court and, in doing so, adhered to long-standing class action litigation procedure.

Second, Vivint has identified an array of deficiencies upon which this matter should be dismissed, including failure to state a viable claim, lack of jurisdiction, the presumption against extra-territorial application of California law, and the potential violation of the statute of limitations. (*See generally* Doc. 11, Motion.) Vivint is entitled—obligated, even—to raise each dispositive shortcoming in Plaintiff's Complaint at this stage. To argue that raising the Article III standing issue was somehow improper, when Vivint raises multiple issues with the Complaint in its Motion, is unpersuasive at best.

Finally, Plaintiff's Opposition remains silent as to any concrete harm purportedly suffered or alleged in her Complaint. In her Opposition, she refers the Court to paragraph 34 of the Complaint, which reads:

> Defendant uses a trap and trace process on its Website by deploying the TikTok Software on its Website, because the software is designed to capture the phone number, email, routing, addressing and other signaling information of website visitors. As. such, the TikTok Software is solely to identify the source of the incoming electronic and wire communications to the Website.

(Doc. 13, Opp., p. 5.) Nowhere in this paragraph does Plaintiff assert that she – or anyone else – was harmed by the alleged trap and trace process. This failure is fatal to her Complaint.

**III. <u>The Court does not have jurisdiction over Vivint</u>.**

Plaintiff fails to carry her burden of demonstrating that the exercise of personal jurisdiction over Vivint is proper. In short, Vivint has not committed an intentional act expressly aimed at California, nor caused harm that it knew was likely to be suffered

in California. *See Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124,1128 (2010).

In her effort to manufacture jurisdiction, Plaintiff relies on a case in which this Court held that the existence of a "highly interactive website" constituted an intentional act. (Doc. 13, Opp., p. 7 (citing *Rodriguez v. Aquatic Sales Solutions LLC*, No. 2:23-cv-05198-CAS-E, 2024 U.S. Dist. LEXIS 97308, at *15 (C.D. Cal. May 29, 2024))). In *Rodriguez*, the intentional act analysis focused almost exclusively on the fact that the website at issue in that case "offered an online 'chat' feature for consumers to communicate directly with [d]efendant through the website." *Id.* Here, Plaintiff has not alleged that the Website is interactive, much less that it uses any similar chat feature (because it does not). To confer jurisdiction, courts routinely require "an interactive website plus 'something more' [for it to be] 'express aiming.'" *Id.*, at *9 (quoting *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1092-94 (9th Cir. 2023)). In Vivint's case, there is neither an interactive website nor "something more." Thus, the basis for this Court's finding of an intentional act in *Rodriguez* does not exist in this case.

Plaintiff also asserts that Vivint's efforts to drive sales to California consumers through the Website is basis for personal jurisdiction. (Doc. 13, Opp., p. 9.) Plaintiff's case law on this point is similarly distinguishable. Plaintiff cites *Mikulsky v. Bloomingdale's, LLC*, which held that Bloomingdale's sales through brick-and-mortar operations in California were relevant to the personal jurisdiction analysis because the "the purpose of collecting the data [on the website] [was], at least in part, to support in-store operations." (*Id.* (citing *Mikulsky v. Bloomingdale's, LLC*, No.3:23-CV-00425-L-VET, 2024 WL 337180, at *5 (S.D. Cal. Jan. 25, 2024))). Yet, in Vivint's case, Plaintiff has not even alleged that Vivint has a brick-and-mortar operation in California (and Vivint has none). Plaintiff's argument on this point falls flat.

Plaintiff failed to carry her burden of demonstrating that the exercise of personal jurisdiction over Vivint is proper, and the Complaint should therefore be dismissed.

## IV. Amendment of Plaintiff's Complaint would be futile.

The deficiencies in Plaintiff's Complaint against Vivint cannot be cured by amending the Complaint. A court "need not grant leave to amend where the amendment: . . . is futile." *Pappy's Barber Shops, Inc. v. Farmers Group, Inc.*, 491 F.Supp.3d 738, 740 (S.D. Cal. 2020). "Futility of amendment is analyzed much like a Rule 12(b)(6) motion to dismiss—an amended complaint is futile when it would be subject to dismissal." *Woods v. First Am. Title, Inc.*, No. CV111284GHKVBKX, 2011 WL 13218022, at *2 (C.D. Cal. Sept. 20, 2011).

It is true that Plaintiff's allegations are woefully deficient. She fails to allege key facts such as when she visited the Website, the device she used to access the Website, what activity she engaged in on the Website, where she accessed the Website, or any concrete damages she incurred as a result of her interaction with the Website. Yet, even if she amended the Complaint to more specifically plead these allegations, her CIPA claim will still be predicated on technology that does not qualify as a pen register, she will still be unable to identify concrete harm that meets the requirements of Article III, and she will still fail to carry her jurisdictional burden. Any amended complaint would be subject to another motion to dismiss on identical grounds.

Accordingly, the Court should grant Vivint's motion, dismiss Plaintiff's Complaint, and deny any request for leave to amend. Any conceivable amendments cannot remedy the deficiencies identified herein.

## V. CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that this Court grant Vivint's Motion and dismiss, with prejudice, all allegations in the Complaint.

DATED: July 1, 2024

FROST BROWN TODD LLP

By: ______________________________
LIAM E. FELSEN
Attorneys for Defendant
VIVINT, INC.

## CERTIFICATE OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is **Frost Brown Todd LLP, 633 W. Fifth Street, Suite 900, Los Angeles, CA 90071**.

On July 1, 2024, I served the following document(s) on the interested parties in this action: **VIVINT, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS**

☐ by placing the original and/or a true copy enclosed in (a) sealed envelope(s), addressed as follows:

| | |
|---|---|
| Robert Tauler<br>TAULER SMITH LLP<br>626 Wilshire Boulevard, Suite 550<br>Los Angeles, CA 90017 | Attorney for Plaintiff:<br>Dana Hughes<br><br>Phone: (213) 927-9270<br>Email: robert@taulersmith.com |

☒ **BY CM/ECF SYSTEM:** Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

☐ **BY REGULAR MAIL:** I placed such envelope with postage fully paid in the United States mail at Los Angeles, California. I am "readily familiar" with this firm's practice of collecting and processing correspondence for mailing. It is deposited with U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☐ **BY ELECTRONIC SERVICE:** I caused the document(s) to be sent to the persons at the electronic notification address listed in the Service List.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on July 1, 2024, at Los Angeles, California.

/s/ *Julia Evans*
Julia Evans

0145544.0782478 4867-4823-2652v2