LIAM E. FELSEN (350451)
lfelsen@fbtlaw.com
FROST BROWN TODD LLP
633 W. Fifth Street, Suite 900
Los Angeles, CA 90071
Phone: (213) 629-7044
Fax: (213) 229-2499

Attorneys for Defendant
VIVINT, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

DANA HUGHES, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

VIVINT, INC., a New Jersey Corporation; and DOES 1 through 25, inclusive,

Defendant.

**CASE NO.:** 2:24-cv-03081-GW (KSx)

(Superior Court of California, County of Los Angeles, Case No. 24STCV06156)

**VIVINT, INC.'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

**Action Filed**: March 12, 2024
**Action Removed**: April 15, 2024

**Hearing Date:** August 5, 2024
**Hearing Time**: 8:30 a.m.
**Courtroom:** 9D – 9th Floor

Although this case has already been fully briefed, the Court issued its July 12, 2024 tentative ruling (the "Tentative"), and the parties are set for oral argument in just a few days, Plaintiff has now filed a "Notice of Supplemental Authority" related to a July 25, 2024 Order in *Dino Moody v. C2 Educational Systems Inc., et al.*, 2:24-cv-04249-RGK-SK (the "Moody Opinion"). Although Plaintiff argues that the Moody Opinion is "based upon the same issues of law" as this case, actually the Moody Order never addresses the legal framework for Article III standing that was the very center of



FROST BROWN TODD LLP
LOS ANGELES

this Court's Tentative. As such, the Moody Opinion is distinguishable, not dispositive of the issues in this case, and the Court should instead rule consistent with its prior Tentative and grant Vivint's motion.

As a threshold matter, the Moody Opinion is distinguishable because its ruling is unrelated to the Article III standing issue which is the basis for this Court's Tentative. In *Moody*, the defendant made a single argument in support of dismissal, that its conduct "falls outside the scope of the Trap and Trace Law" (with five subparts to that single argument, none involving Article III). (Moody Opinion at 2). The *Moody* Court held that Cal. Penal Code §§ 638.51 and 638.52 applied and the *Moody* plaintiff had alleged standing under Cal. Penal Code §§ 638.51 and 637.2. (Moody Opinion at 2-5). However, Article III standing was not raised by the defendant in *Moody*. Indeed, the Moody Opinion specifically cites to other cases where "courts found that the plaintiffs lacked injuries necessary for . . . Article III standing" but that Court did not apply the Article III legal standard, only the standard as related to Cal. Penal Code §§ 638.51 and 637.2. (Moody Opinion at 5).

In contrast, Vivint specifically argued that Plaintiff lacks Article III standing, which became the basis for the Tentative. This Court correctly noted that Article III standing requires Plaintiff to allege an "injury in fact that is concrete and particularized," holding that the Complaint (1) was "vague as to many, if not all, of the details;" (2) failed to allege "any of the basic facts concerning her interaction with the Website;" and (3) failed to establish a concrete and particularized injury in fact. (Tentative at 4-5). The Court, in the Tentative, then correctly points to other federal cases that are on point and which similarly find a failure to allege concrete harm. (Tentative at 6-7). The Tentative then also discusses other flaws in Plaintiff's allegations, including the lack of identifying-based harm or of a TikTok account that would allow for any fingerprinting process. (Tentative at 7-8).

In other words, this Court's Tentative correctly held that Plaintiff failed to show "the necessary elements to establish her standing to bring suit." (Tentative at 8). The

FROST BROWN TODD LLP
LOS ANGELES

case attached by Plaintiff to her "Notice of Supplemental Authority" is inapposite, contains different facts and law, is distinguishable, and does not address the Article III standing requirements at issue in the Tentative.

For these reasons, as Vivint will argue at oral argument on August 5, 2024, the Court should adopt the Tentative and grant Vivint's motion.

DATED: July 31, 2024

FROST BROWN TODD LLP

By: ______________________________
LIAM E. FELSEN
Attorneys for Defendant
VIVINT, INC.

FROST BROWN TODD LLP
LOS ANGELES

## CERTIFICATE OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is Frost Brown Todd LLP, 633 W. Fifth Street, Suite 900, Los Angeles, CA 90071.

On July 31, 2024, I served the following document(s) on the interested parties in this action: **VIVINT, INC.'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

☐ by placing the original and/or a true copy enclosed in (a) sealed envelope(s), addressed as follows:

| | |
|---|---|
| Robert Tauler<br>TAULER SMITH LLP<br>626 Wilshire Boulevard, Suite 550<br>Los Angeles, CA 90017 | Attorney for Plaintiff:<br>Dana Hughes<br><br>Phone: (213) 927-9270<br>Email: robert@taulersmith.com |

☒ **BY CM/ECF SYSTEM:** Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

☐ **BY REGULAR MAIL:** I placed such envelope with postage fully paid in the United States mail at Los Angeles, California. I am "readily familiar" with this firm's practice of collecting and processing correspondence for mailing. It is deposited with U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☐ **BY ELECTRONIC SERVICE:** I caused the document(s) to be sent to the persons at the electronic notification address listed in the Service List.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on July 31, 2024, at Los Angeles, California.

/s/ Julia Evans

Julia Evans

0145544.0782478 4874-4861-8196v1