Robert Tauler, Esq. (SBN 241964)
robert@taulersmith.com
Matthew J. Smith, Esq. (SBN 240353)
matthew@taulersmith.com
TAULER SMITH LLP
626 Wilshire Boulevard, Suite 550
Los Angeles, California 90017
Tel: (213) 927-9270

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA HUGHES, individually and on behalf of all others similarly situated; <br><br> Plaintiff, <br><br> v. <br><br> VIVINT, INC., a New Jersey Corporation; and DOES 1 through 25, inclusive <br><br> Defendant. | Case No.: 2:24-cv-03081-GW-KS <br><br> **FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE CALIFORNIA TRAP AND TRACE LAW** <br><br> **(CAL. PENAL CODE § 638.51)** |

## I. INTRODUCTION

1. Defendant Vivint, Inc. ("Defendant"), a merchant of security systems, has installed TikTok de-anonymization software of on its website for the purpose of secretly collecting information about website visitors, so that they may be de-anonymized, watched, tracked, and traced by both Defendant and TikTok. In doing so, Defendant has violated the California Trap and Trace Law.

## II. JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), because the total matter in controversy exceeds $5,000,000 and there are over 100 members of the proposed class. Further, at least one member of the proposed class is a citizen of a State within the United States and at least one defendant is the citizen or subject of a foreign state.

3. This Court has personal jurisdiction over Defendant because, on information and belief, Defendant has purposefully directed its activities to the Central District of California by developing a data collection process directed to citizens on this state. Defendant's unlawful conduct is directed at and harms California residents, including Plaintiff, and if not for Defendant's contact with the forum, Plaintiff would not have suffered harm.

4. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391 because Defendant. (1) is authorized to conduct business in this District and has intentionally availed itself of the laws and markets within this District; (2) does substantial business within this District; (3) is subject to personal jurisdiction in this District because it has availed itself of the laws and markets within this District; and the injury to Plaintiff occurred within this District.

5. Defendant has sufficient minimum contacts in the State of California or otherwise purposefully avails itself of the California market. Exercising jurisdiction over Defendant would be consistent with traditional notions of fair play and substantial justice. Defendant took information from Plaintiff while she was in California, and

Defendant has designed its website so that data may be gathered from California residents in this state.

### III. PARTIES

6. Plaintiff Dana Hughes ("Plaintiff") is a citizen of California residing within Los Angeles County.

7. Defendant Vivint, Inc., a New Jersey corporation with its principal place of business in Princeton, New Jersey.

8. The above-named Defendant, along with its affiliates and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 25, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

9. Plaintiff is informed and believes that at all relevant times, every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants, and that each of the acts and/or omissions complained of herein was ratified by each of the other Defendants.

### IV. FACTUAL ALLEGATIONS

#### A. Defendant's Website and the Tik Tok Software.

10. Defendant is a retailer that sells home security systems. Defendant operates: https://www.vivint.com (the "Website"). Defendant has installed on its Website software created by TikTok in order to identify website visitors. (the "TikTok Software").

11. The TikTok Software acts by via a process known as "fingerprinting." Put simply, the TikTok Software collects as much data as it can about an otherwise

anonymous visitor to the Website and matches it with existing data TikTok has acquired and accumulated about hundreds of millions of Americans.

12. The TikTok Software gathers device and browser information, geographic information, referral tracking, and url tracking by running code on the Website to send user details to TikTok.



13. Defendant also runs "Advanced Matching" which TikTok describes as a feature that "will scan your website for recognizable form fields containing customer information, like email and phone…" Auto Matching captures website visitors email and phone numbers "before reaching TikTok servers for matching."[1]  As part of its "best practices" for Advanced Matching, TikTok recommends that entities like Defendant, who are deploying the TikTok Software, both "capture the email and phone number as early as possible" and  "as frequently as possible."[2]

14. Defendant follows TikTok's "best practices."  Below is a screenshot which shows part of the "AutoAdvancedMatching" script TikTok developed to gather information, including emails and phone numbers:

---

[1] https://ads.tiktok.com/help/article/advanced-matching-web?lang=en
[2] https://ads.tiktok.com/help/article/advanced-matching-web?lang=en

[screenshot of vivint.com website alongside browser developer tools showing JavaScript source code for TikTok pixel tracking]

15. When a user visits defendant's website, the code highlighted above runs on the Website, automatically sending information to TikTok to match the user with TikTok's fingerprint. A recent consumer reports report found that TikTok partners with websites (like Defendant) "to hoover up data about people as they travel across the internet. That includes people who don't have TikTok accounts."[3]

16. Since the TikTok Software is deployed automatically when a user lands on Defendant's website, there is no way for website visitors to be informed (let alone consent) to the tracking of their web activity by TikTok since it happens automatically. Defendant does not even attempt to obtain consent. Moreover, Defendant does not even provide a way to opt out of the data collection.

17. Data captured by the TikTok Software is sent to TikTok's servers so that TikTok can reconstruct the user's identity. Again, the TikTok Software does this regardless of whether an individual has a TikTok account or not. The objective for TikTok is to gather as much information about Americans as they can, by any means necessary.

---

[3] https://www.consumerreports.org/electronics-computers/privacy/tiktok-tracks-you-across-the-web-even-if-you-dont-use-app-a4383537813/

18. The TikTok Software was deployed on the Website when Plaintiff visited in January 2024. Accordingly, the TikTok Software gathered her information, including device and browser information, geographic information, referral tracking, and url tracking in order to identify and track her. Thus, Defendant, through the use of the TikTok Software, collected Plaintiff's information, thereby constituting an invasion of privacy, an actionable injury. *Moody v. C2 Educ. Sys.*, No. 2:24-cv-04249-RGK-SK, 2024 U.S. Dist. LEXIS 132614, at *10 (C.D. Cal. July 25, 2024).

### B. The TikTok Software is a Trap and Trace Device.

19. California Penal Code § 638.50(c). California law defines a "trap and trace device" as "a device or process that captures the incoming electronic or other impulses that identify the originating number or other dialing, routing, addressing, or signaling information reasonably likely to identify the source of a wire or electronic communication, but not the contents of a communication."

20. The TikTok Software is a process to identify the source of electronic communication by capturing incoming electronic impulses and identifying dialing, routing, addressing, and signaling information generated by users, as can be seen below, which is a screenshot of electronic impulses being sent to TikTok the moment when TikTok runs its matching and identifying scripts:



21. Thus, the TikTok Software is "reasonably likely" to identify the source of incoming electronic impulses. In fact, it is designed solely to meet this objective.

22. Users are never informed that Defendant is collaborating with the TikTok. They have a reasonable belief that their web activity is "secure." Defendant did not obtain any of the Class Members' express or implied consent to be subjected to data sharing with TikTok for the purposes of fingerprinting and de-anonymization.

23. CIPA imposes civil liability and statutory penalties for the installation of trap and trace software without a court order. California Penal Code § 637.2; see also, *Greenley v. Kochava*, 2023 WL 4833466, at *15-*16 (S.D. Cal. July 27, 2023).

24. Defendant did not obtain plaintiff's or any of the Class Members' express or implied consent to be subjected to data sharing with TikTok for the purposes of fingerprinting and de-anonymization.

## CLASS ALLEGATIONS

25. Plaintiff brings this action individually and on behalf of all others similarly situation (the "Class Members") defined as follows:

**All persons within California who within the statute of limitations period whose information was sent to TikTok by the Website through the TikTok Software.**

26. NUMEROSITY: Plaintiff does not know the number of Class Members but believes the number to be in the thousands, if not more. The exact identities of Class Members may be ascertained by the records maintained by Defendant.

27. COMMONALITY: Common questions of fact and law exist as to all Class Members, and predominate over any questions affecting only individual members of the Class. Such common legal and factual questions, which do not vary between Class Members, and which may be determined without reference to the individual circumstances of any Class Member, include but are not limited to the following:

    a. Whether Defendant installed the TikTok Software on the Website;

    b. Whether the TikTok Software is a trap and trace process as defined by law;

     c.    Whether Plaintiff and Class Members are entitled to statutory penalties; and

     d.    Whether Class Members are entitled to injunctive relief.

     e.    Whether Class Members are entitled to disgorgement of data shared with TikTok.

28. <u>TYPICALITY</u>: As a person who visited Defendant's Website and whose electronic communication was subjected to a trap and trace process on Defendant's Website, they are typical of the Class.

29. <u>ADEQUACY</u>: Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the class action litigation. All individuals with interests that are actually or potentially adverse to or in conflict with the Class Members or whose inclusion would otherwise be improper are excluded.

30. <u>SUPERIORITY</u>: A class action is superior to other available methods of adjudication because individual litigation of the claims of all Class Members is impracticable and inefficient. Even if every Class Member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed.

## FIRST CAUSE OF ACTION

### Violations of the California Trap and Trace Law

### Cal. Penal Code § 638.51

31. California's Trap and Trace Law is part of the California Invasion of Privacy Act ("CIPA") codified at Cal. Penal Code 630, *et. seq*.

32. CIPA was enacted due to curb "the invasion of privacy resulting from the continual and increasing use of" certain technologies determined to pose "a serious threat to the free exercise of personal liberties." CIPA extends civil liability for various means of surveillance using technology, including the installation of a trap and trace device.

33. A "trap and trace device" as "a device or process that captures the incoming electronic or other impulses that identify the originating number or other dialing, routing, addressing, or signaling information reasonably likely to identify the source of a wire or electronic communication, but not the contents of a communication." California Penal Code § 638.50(c).

34. California Penal Code §638.51 provides that "a person may not install or use…a trap and trace device without first obtaining a court order…" § 638.51(a).

35. Defendant uses a trap and trace process on its Website by deploying the TikTok Software on its Website, because the software is designed to capture the phone number, email, routing, addressing and other signaling information of website visitors. As such, the TikTok Software is solely to identify the source of the incoming electronic and wire communications to the Website.

36. Defendant did not obtain consent from Plaintiff or any of the class members before using trap and trace technology to identify users of its Website, and has violated Section 638.51.

37. CIPA imposes civil liability and statutory penalties for violations of §638.51.

38. Therefore, Plaintiff and Class Members are entitled to injunctive relief and statutory damages under California Penal Code § 637.2 and the equitable relief prayed for herein.

## **PRAYER**

WHEREFORE, Plaintiff prays for the following relief against Defendant:

1. An order certifying the Class, naming Plaintiff as the representative of the Class and Plaintiff's attorneys as Class counsel;

2. An order enjoining Defendant's conduct as alleged herein and ordering disgorgement of data acquired through the TikTok Software;

3. Statutory damages pursuant to CIPA;

4. Punitive damages;

5.    Reasonable attorneys' fees and costs; and

6.    All other relief that would be just and proper.

DATED: August 19, 2024                          TAULER SMITH LLP

By:   */s/ Robert Tauler*
       Robert Tauler, Esq.
       *Attorneys for Plaintiff*
       *Dana Hughes*

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED: August 19, 2024                                    TAULER SMITH LLP

                                    By:   */s/ Robert Tauler*
                                          Robert Tauler, Esq.
                                          *Attorneys for Plaintiff*
                                          *Dana Hughes*

# **CERTIFICATE OF SERVICE**

I hereby certified that I served the foregoing document on all parties of record by CM/ECF and by email to the following addresses:

LIAM E. FELSEN (350451)
lfelsen@fbtlaw.com
FROST BROWN TODD LLP
633 W. Fifth Street, Suite 900
Los Angeles, CA 90071

*Attorneys for Defendant*

DATED: August 19, 2024                                TAULER SMITH LLP

                                                        By:   */s/ Robert Tauler*
                                                              Robert Tauler, Esq.
                                                              *Attorneys for Plaintiff*
                                                              *Dana Hughes*